CHESNEY, NICHOLAS & BROWER
LLP
Attorneys at Law
485 Underhill Boulevard, Suite 308
Syosset, NY 11791
(516) 378-1700 Phone
(516) 378-7633 Fax

chesneynicholas.com
email@chesneynicholas.com

Charles C. Nicholas
Gregory E. Brower +
Henry D. Nelkin
Rudolph P. Petruzzi
Stephen V. Morello
Michael Jenks
Timothy F. Mazzara
Jeffrey M. Burkhoff
Angela P. Pensabene

Scott A. Koltun
Lindsie B. Alterman
Diane C. Cooper*
Dianna LeMieux
Whitney S. Paul**
Mitchell R. Goldklang
Lauren M. Felicione

Richard E. Chesney
(Retired)
Office Manager
Moira Murtagh
Administrative Assistant
Kelly Milack
Billing Manager
Cheryl Williamston
Legal Assistants
Patricia A. Morgan
Elizabeth Keady
Janis Machalski

Jeanne Ellen Forster
Anthony W. Russo*
*of counsel*

+ Managing Partner
* Also Member of CT Bar
** Also Member of DC Bar

August 20, 2026

VIA ECF
Hon. Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: SHANIQUE PRIMUS v. TOORAK REAL ESTATE HOLDING V LLC**
**Date of Loss : June 25, 2025**
**Index No. : 1:25-cv-06114**
**Our File No. : FFC 282**

Dear Judge Kuo:

This firm represents the defendant TOORAK REAL ESTATE HOLDING V LLC in the above referenced action for personal injuries resulting from an alleged slip and fall on an interior staircase at 341 East 51st Street, Brooklyn, NY 11203 allegedly resulting in a right ankle fracture.

As directed by the court by order dated August 17, 2026, we are filing this Response to plaintiff's status report dated August 14, 2026.

I. Authorizations

We advise the court that Defendants were only provided with Authorizations for them to receive their own copies of plaintiff's medical records **a few weeks ago**, in the beginning of this month (August 2026). Clearly defendant needs time to process the authorizations and obtain our own "unexcerpted," independent copies of Plaintiff's medical records.

Some authorizations we were provided were rejected as incomplete or inadequate. For example, the employment authorization was not signed by Plaintiff. As to the Medicare authorization, there was no information checked off under paragraph 2 as required to be processed. On the Social Security authorization, nothing was checked off under Paragraphs 1 – 8 as required to be processed. *As the court is aware, we are not permitted to modify the authorizations that Plaintiff provided.* We are not allowed to check off any boxes ourselves. We sent Plaintiff's Counsel a letter requesting new, proper and complete authorizations as soon as possible.

II. Plaintiff's Omnibus Discovery Demands

We respectfully request copies of Plaintiff's discovery demands as we do not seem to have received them. The last thing we have in our file are "Plaintiff's Responses to Defendant's Combined Demands" recently received on August 5, 2026.

III. Plaintiff's Settlement Demand &
IV. Defendant's Position on Resolution

Defendant is in no position whatsoever at this juncture to consider Plaintiff's settlement demand in the absence of Plaintiff's deposition and IME. At this time defendant has no understanding of who plaintiff was, as, according to my client, there were no legal tenants in the building on the date of loss. We have reason to believe Plaintiff may have been in the building illegally (a squatter). **I am advised by my client that squatters at the subject premises on or about the date of Plaintiff's accident actively prevented the defendant and its agents from entering the building for any purpose including to make any repairs or renovations**. Depositions are necessary for us to gain any understanding about this case. It is possible, if not likely, that we will be moving for summary judgment, at the close of discovery, to dismiss the action.

Very truly yours,

*Diane C. Cooper*

DIANE C. COOPER
Attorney

cc: **Via Email: Tblackburn@tablackburnlaw.com**

T.A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, New York 11236

Attn: Tyrone Blackburn, Esq.